## (December 20, 1965)

In the Matter of the Claim of JOHN B. KIENER, Appellant, v. CLINTON-AIRE HOTEL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam*. Appeal from a decision disallowing a claim for disability due to cerebral thrombosis with right hemiplegia and aphasia, claimed to have been caused by claimant's exposure to paint fumes while he was painting in a confined area, the board finding, however, that the condition was due to a natural complication of his pre-existing hypertension and

arteriosclerosis and was in no way related to the work. Under familiar principles, the board was entitled to reject the medical evidence of causal relation adduced by claimant and to accept that which denied causation, elicited from the carrier's expert and from an impartial specialist designated by the board, which proof we are unable to account insubstantial. The board directed an examination by " an impartial specialist in the field of toxicology and internal medicine" and although the physician so designated, a specialist in internal medicine and pathology, conceded that he was not "an expert on all of the different disorders that may come from paint fumes", there is no indication that such expertise was necessary to enable the doctor to reach an affirmative diagnosis and evaluation of claimant's condition as " a natural and logical complication of his pre-existing hypertension and arteriosclerosis  *  *  *  causally unrelated to any occupational hazard." The board could properly give preponderant or exclusive effect to this evidence, if it chose to do so, but, in any event, stated that its determination was upon the entire record. The board did not exceed the bounds of its discretion in declining to remit for the reception of the testimony of another physician whose report was before it. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.